# UNITED STATES DISTRICT COURT
### THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Patricia Kennedy, Individually,

    Plaintiff,

v.                                                     Case No.: 8:18-cv-01005-JSM-AAS

Siesta Inn & Suites, Inc., A Florida
Corporation, d/b/a Hibiscus Suites Inn,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), and hereby moves to dismiss the Complaint with prejudice in the above-captioned action and as grounds states the following:

### INTRODUCTION

1. Defendant owns and operates a place of public accommodation as defined by the Americans with Disabilities Act of 1990 (ADA) and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104 (the Property).

2. Defendant maintains a website, www.hibiscussuitesfl.com, which contains an online reservations system for the Property.

3. On May 2, 2018, Defendant's counsel was served with Plaintiff's Complaint alleging that Defendant's website is in violation of Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

4. Plaintiff alleges Defendant violated 42 U.S.C. § 12181 <u>et seq</u>. and 28 C.F.R. Section 36.302(e)(1) by not identifying and describing accessible features in the hotel and guest rooms through its reservation website in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets that individual's accessibility needs.

5. Since receipt of the Complaint, Defendant's website has been updated to include information and photographs that identifies the Property's accessible guestrooms and accessible features in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets that individual's accessibility needs.

## LEGAL STANDARD

6. Plaintiffs have the burden of establishing jurisdiction. *See* <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).

7. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1).

8. A Rule 12(b)(1) motion can challenge the sufficiency of pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). *See* <u>Grondal v. United States</u>, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.).

9. In a facial attack, "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction. *See* <u>Kerns v. United States,</u> 585 F.3d 187, 193 (4th

Cir. 2009). In a factual attack, the defendant "challenges the veracity of the facts underpinning subject matter jurisdiction." Id. at 193.

10. "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." See Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

11. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would be defending against a motion brought under Rule 12(b)(6)." Id. at 729. "In a factual attack, the court considers matter outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id.

12. Here, Defendant asserts both a factual attack on the Plaintiff's Complaint for lack of subject matter jurisdiction and a factual attack on the Plaintiff's Complaint for lack of standing.

# ARGUMENT

I. **Lack of Subject Matter Jurisdiction**

   A. **There is no case or controversy; therefore, this action is moot and this Court lacks jurisdiction over the subject matter.**

13. Defendant realleges Paragraphs 1 through 5 and incorporate them herein by this reference.

14. The Defendant's website is currently fully in compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

15. As of the date of this motion, Defendant has remedied all violations alleged in Plaintiff's Complaint.

3

16. Attached is an Affidavit of _____, TITLE, as well as screen shots of the accessibility features on the Defendant's website.

17. "Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" See Already, LLC v. Nike, Inc., 568 U.S. 85, 90, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013).

18. "A case becomes moot – and therefore is no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Id. at 91.

19. Because the Defendant's website is currently in full compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e), and because the allegations in Plaintiff's complaint have been remedied, there is no longer a "live" issue. Id.

20. Because the is no longer a live issue, there is no longer a case or controversy. Id.

21. "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." Already, 568 U.S. 85 at 90.

22. The Eighth Circuit has determined that remediation of ADA violations renders a case moot and is dismissible for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Davis v. Anthony, 886 F. 3d 674, 677 (8th Cir. 2018).

23. In Davis, the Plaintiff originally sued alleging that she could not access the Defendant's property "due to the physical barriers to access" that fail "to comply with the requirements of the ADA and the ADAAG [ADA Accessibility Guidelines]," specifically, lack of adjacent aisles in the parking lot (violation of ADAAG 502.2), improper amount of

accessible parking spaces (violation of ADAAG 208.2), and lack of signage in parking lot (violation of ADAAG 216.5 and 502.6). Id. at 676.

24. Just as in the instant case, Ms. Davis sought only declaratory and injunctive relief, along with attorney's fees and costs.

25. Anthony then moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. It asserted mootness, claiming it had remediated the violations. Id.

26. Anthony provided affidavits, pictures, and invoices to show that the remediation had occurred and that Anthony's property was, in fact, compliant with the Guidelines that were alleged to have been violated. Id.

27. Similarly, in the instant case, the suit was brought alleging a non-compliant website, and asking for a declaration that it was a non-compliant under Title III of the ADA, and an injunction requiring Defendant to make necessary changes to bring it into compliance.

28. In Davis, Id., the district court agreed that the issue was moot and dismissed the case; Ms. Davis appealed. Id.

29. In her appeal, Ms. Davis alleged that her lawsuit was not moot because (1) the remediation evidence was silent as to the slopes of the newly installed spaces; (2) Anthony did not submit timely evidence of remediation and the argument is waived; (3) the district court prematurely ruled on mootness before allowing discovery about other ADA violations that could be litigated in this case; and (4) the district court should have given her the procedural protections of either Rule 12(b)(6) or Rule 56. Id. at 677-679.

30. The court found that slope is governed by ADAAG 502.4 and that Ms. Davis did not mention ADAAG 502.4 in her complaint. Id. at 677.

5

31. Ms. Davis had pled, in her complaint, that Anthony had violated ADAAG 208.2, 216.5, 502.2, and 502.6.

32. The court stated that, "[a] plausible claim must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"), Id. at 677. (*quoting* Bell Atlantic Corp. v. Twombly**,** 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).)

33. The court found that Ms. Davis did not state a plausible claim for any violation of 502.4 and her complaint became moot when Anthony remediated the alleged violations of ADAAG 208.2, 216.5, 502.2, and 502.6.  Id. at 677.

34. In the present case, Plaintiff alleged that the Defendant violated Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

35. The Defendant's website is now in full compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

36. The Defendant, as Anthony did in *Davis*, has provided this Court with extrinsic evidence, specifically an Affidavit and screenshots, proving that the website is in full compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e). Id. at 676.

37. The Plaintiff's Complaint became moot after Defendant's remediation and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1).  Id. 677.

   **B.  Rule 12(b)(6) protections do not apply.**

38. In Davis*, Id.,*  the plaintiff challenged the district court's conclusion that the case was moot because Anthony did not submit evidence of the remediation until its reply brief to the motion to dismiss.  Id.

39. She also believed that in deciding the Rule 12(b)(1) motion, the court should have given her the procedural protections of Rule 12(b)(6).  Id. at 678-679.

40. She argued that under a Rule 12(b)(6) standard, the court should have only looked to her complaint, and not at the evidence provided by Anthony.  Id. at 679.

41. The court in *Davis* found that "[t]rial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'"  Id. at 678 (*quoting* Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008), *quoting* Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).)

42. The court in *Davis* found that the district court had not abused its discretion by allowing Anthony's evidence to be admitted for jurisdictional purposes under Rule 12(b)(1).  Id.

43. The Court in *Davis* also determined that Anthony's argument of mootness is a factual attack on Ms. Davis' complaint; therefore, "Rule 12(b)(6)'s procedural protections do not apply." Id. at 679.

44. Defendant in the present case is asserting the same factual attack of mootness due to remediation of the violations alleged in the complaint as Anthony did in *Davis;* therefore, "Rule 12(b)(6) procedural protections do not apply."  Id.

45. This court may consider matters outside of the pleadings and is not restricted to the "four corners of the complaint."  Commodity Futures Trading Com'n v. G7 Advisory Services, LLC, 406 F.2d 1289 (S.D. Fla. 2005).

46. When adjudicating factual attacks on its subject matter jurisdiction, the Court may look at materials from outside the four corners of the complaint insofar as they relate to jurisdictional questions.  Id. (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528–1529 (11th Cir.1990).)

47. This Court may look to the affidavit and screenshots attached to this Motion to determine whether this Court has a case or controversy over which it may have jurisdiction. Id.

48. If this Court finds that the case is moot and that it, therefore, lacks subject matter jurisdiction, this case should be dismissed pursuant to Rule 12(b)(1). Davis, 886 F. 3d at 679.

WHEREFORE, Defendant, SIESTA INN & SUITES, INC. d/b/a/ HIBISCUS SUITES INN, respectfully requests that this Court dismiss the Plaintiff's complaint with prejudice.

## II. Lack of Standing

### A. The Plaintiff has failed to establish standing under Title III of the ADA.

49. Defendant realleges Paragraphs 1 through 5 and incorporate them herein by this reference.

50. In order invoke federal jurisdiction, the Plaintiff bears the burden of demonstrating (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, (3) that the injury will likely be redressed by a favorable ruling, and (4) that the Plaintiff will suffer future disability discrimination by the Defendant. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

51. "In addition to demonstrating an injury in fact, a plaintiff seeking prospective injunctive relief in an ADA case must allege facts 'giving rise to a plausible inference' that he will suffer disability discrimination by the defendant in the future." Hoewischer v. Cedar Bend Club, Inc., 877 F.Supp.2d 1212 (Fla. M.D. 2012), (*citing* Hughes Resort, Inc., 2005 WL 2001740 at \*6; *see also* Lujan, 504 U.S. at 564 ("'[S]ome day' intentions——without any description of concrete plans, or indeed even any specification of *when* the someday will be——do not support a finding of [an] 'actual or imminent' injury ....") (emphasis in

original). In the absence of such allegations, the likelihood of future discrimination remains conjectural. Id.

52. This Court has held that while a "reservation is not required to meet the 'real and immediate' requirement for injunctive relief," a description of concrete plans to return to the place of public accommodation is necessary to establish standing to bring suit. Rosenkrantz v. Markopoulos, 254 F.Supp.2d 1250, 1253 (M.D. Fla. 2003).

53. In Rosenkrantz, the plaintiff brought suit under Title II of the ADA and stated that he "'may' travel to the Tampa Bay area this year or next year and would stay at Defendant's hotel if it could accommodate his disability." Id. at 1251.

54. The defendant filed a motion to dismiss, stating that the plaintiff lacked standing because he had not suffered an injury in fact. This Court ordered that the parties supplement the factual record so that this Court could determine whether the Plaintiff had standing to bring suit. Id.

55. This Court found that the renewed motion to dismiss, which challenged on a factual basis whether the defendant had standing to bring suit, was a factual attack. Id. at 1252.

56. The defendant brought forth evidence from the plaintiff's deposition testimony that indicated that the plaintiff had only been to the Clearwater Beach one time, the plaintiff had no friends in the Tampa Bay area other than a sister-in-law in St. Petersburg, and he described his travel to the Tampa Bay area as "once in a while occasionally, sometimes more often than other times." Id.

57. It was found that the plaintiff only travelled twice per year and that his travel to the area was irregular, occasional, and infrequent. Id. at 1253.

9

58. "When standing is challenged on a factual basis, the plaintiff must demonstrate that standing exists by a preponderance of the evidence." Id.

59. This Court looked to the Supreme Court's decision in *Lujan* and noted that "to sufficiently establish injury in fact a plaintiff must prove more than an intent to return to places previously visited." Id.

60. This Court found that the Plaintiff's "future injury" was identical to the injury alleged in *Lujan* in that they were "just 'some day' intentions and lack[ed] any description of concrete plans. . . .", therefore, the Plaintiff had failed to establish standing and the case was dismissed. Id. at 1253.

61. In the present case, in Paragraph 10 of the Complaint, the Plaintiff alleges that "[p]rior to commencement of lawsuit, Plaintiff visited the Website for the purpose of reviewing and assessing the accessible feature at the Property and ascertain whether they meet requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." Plaintiff does not allege that she ever had any intention of visiting the Property or that she was using the website to make a reservation.

62. In paragraph 12 of the Complaint, the Plaintiff alleges that "[i]n the near future Plaintiff intends to revisit Defendant's Website and/or online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the Website to reserve a guest room. . . ."

63. It is apparent from the allegations that the Plaintiff has no concrete plans to revisit the website nor utilize the website to reserve a guestroom.

64. Just like the Plaintiff in Rosenkrantz, Plaintiff's plan to revisit Defendant's website "are just 'someday' intentions and lack any description of concrete plans." Id. at 1253.

10

65. In fact, it is apparent that Plaintiff is systematically browsing the web looking for hotel websites that will support a lawsuit, and not actually suffering any actionable injury.

66. The Plaintiff lacks standing because she has not pled sufficient facts which demonstrate that she has suffered an injury in fact nor that she may suffer future disability discrimination by the Defendant. Lujan, 504 U.S. at 560-561.

WHEREFORE, Defendant, SIESTA INN & SUITES, INC. d/b/a/ HIBISCUS SUITES INN, respectfully requests that this Court dismiss the Plaintiff's complaint with prejudice, and while this motion is pending to prohibit the Plaintiff from engaging in discovery on the website or any other issues, as the compliance or non-compliance is plain on the face of the website and reservation page.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served on the Plaintiff via electronic transmission to Christine N. Failey, Esquire, Law Offices of Christine N. Failey, P.A., P.O. Box 55404, St. Petersburg, FL 33732 at cfailey@cfaileylaw.com and Thomas B. Bacon, Esquire, Thomas B. Bacon, P.A., 644 North McDonald Street, Mt. Dora, FL 32757 at tbb@thomasbaconlaw.com, on this _____ day of _____, 2018.

        Attorney for Defendant

        <u>*Gregory A. Zitani*</u>
        Gregory A. Zitani
        Fla. Bar No.: 0188956
        West Coast Law, PLLC
        4046 Sawyer Road, Suite D
        Sarasota, Florida 34233
        Tel: (941) 552-0373; Fax: (941) 377-3886
        greg.zitani@westcolaw.com
        filings1@westcolaw.com