**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PATRICIA KENNEDY,

    Plaintiff,

v.                                        Case No: 8:18-cv-1005-T-30AAS

SIESTA INN & SUITES, INC., D/B/A
HIBISCUS SUITES INN,

    Defendant.

_____

**ORDER**

Patricia Kennedy, a tester for compliance with the Americans with Disabilities Act ("ADA"), is suing Siesta Inn & Suites, Inc. because its website was non-ADA compliant in one regard. Before responding to the Complaint, Siesta Inn claims it corrected its website to become fully ADA compliant. Now Siesta Inn moves to dismiss the action as moot and argues that Kennedy lacks standing. While the relevant factors weigh in favor of finding that the case is moot, the Court concludes that Kennedy should have an opportunity to examine the website to determine if it is still noncompliant before the case is dismissed.

**BACKGROUND**

Siesta Inn operates a public place of accommodation as defined by the ADA. (Doc. 1, ¶ 3). Siesta Inn maintains a website, www.hibiscussuitesfl.com, which contains an online reservation system. (Doc. 1, ¶ 9). Although the website was in compliance with "both the W3C Web Content Accessibility Guidelines (WCAG) and § 508 of the Rehabilitation Act

of 1973" (Doc. 12, p. 5), Kennedy alleged the website was not compliant with 42 U.S.C. §

12181 and 28 C.F.R. § 36.302(e)(1), which requires:

> (e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

(Doc. 1, ¶¶ 7, 10). Specifically, Kennedy alleged as follows:

> [T]he Website did not identify the Property's accessible guest rooms, or other accessible features of the property, such as accessible lobby restrooms, pool lifts, or other accessible features in its guest amenities, and the Website did not provide any information pertaining to the Property's accessible guest rooms, including but not limited to commodes, sinks, grab bars, bathing and restroom features, controls and operating mechanisms, maneuverability, and other features required to be accessible.

(Doc. 1, ¶ 11). So Kennedy sued, seeking a declaration that the website violates Title III of

the ADA, an injunction against Siesta Inn requiring it to revise the website and implement

a policy to ensure the website remains ADA compliant, and attorneys' fees. (Doc. 1). In

her Complaint, Kennedy alleges, "In the near future, Plaintiff intends to revisit Defendant's

Website and/or online reservations system in order to test it for compliance with 28 C.F.R.

Section 36.302(e) and/or to utilize the Website to reserve a guest room…." (Doc. 1, ¶ 12).

After Siesta Inn was served with the Complaint, it claims it corrected the ADA

violation. (Doc. 8, ¶ 5). Siesta Inn hired a hotel consultant who supervised the website's

modification. (Doc. 8-1). The website now includes an "ADA & Web Accessibility" page

that identifies and describes accessible features in the hotel and guest rooms. (Doc. 8-2);

*see also* Hibiscus Suites, *ADA & Web Accessibility*,

http://www.hibiscussuitesfl.com/accessibility (last accessed Sept. 12, 2018). Based on this

alleged correction, Siesta Inn filed a motion to dismiss this case as moot. Siesta Inn also

argues that Kennedy lacks standing because she has no concrete plan to revisit the website

or reserve a guestroom at Siesta Inn.

### STANDARD OF REVIEW

"Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure

12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver,*

*Bell & Assocs., M.D.'s, P.A.,* 104 F.3d 1256, 1260 (11th Cir. 1997). "Facial attacks on the

complaint 'require the court merely to look and see if [the] plaintiff has sufficiently alleged

a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true

for the purposes of the motion.' " *Id.* at 1261 (quoting *Lawrence v. Dunbar,* 919 F.2d 1525,

1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge 'the existence of

subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Id.* Because the court's very power to hear the case is at issue under a factual 12(b)(1) motion, the Court may hear conflicting evidence and decide on the factual issues to satisfy itself that jurisdiction exists. *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence,* 919 F.2d at 1529); *see also Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Morrison,* 323 F.3d at 925 (quoting *Lawrence,* 919 F.2d at 1529). If a motion to dismiss asserts a lack of subject matter jurisdiction, the plaintiff bears the burden of showing that it has properly invoked the court's jurisdiction. *Dominican Energy Ltd., Inc. v. Dominican Republic,* 903 F.Supp. 1507, 1511 (M.D. Fla. 1995).

## DISCUSSION

Siesta Inn brings two factual attacks to the Court's subject-matter jurisdiction based on mootness and lack of standing. If Siesta Inn prevails on either argument, then the Court would lack jurisdiction to hear this case and must dismiss it. Because the Court concludes the case will be moot if the website is now ADA compliant—as explained below—the Court declines to address the issue of standing.

As the Eleventh Circuit has explained,

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." ... [A] case is

moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief, then the case is moot and must be dismissed.

*Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007) (quoting

*Troiano v. Supervisor of Elections in Palm Beach County,* 382 F.3d 1276, 1281–82 (11th

Cir. 2004)). But when a defendant voluntarily ceases challenged conduct, a case does not

necessarily become moot. *Id.* at 1183–84. Instead, under the doctrine of voluntary

cessation, a defendant must meet the "'formidable,' 'heavy burden of persuading the court

that the challenged conduct cannot reasonably be expected to start up again….'" *Id.* at 1184

(quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189,

120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). "[V]oluntary cessation of offensive conduct will

only moot litigation if it is clear that the defendant has not changed course simply to deprive

the court of jurisdiction." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th

Cir. 2005).

When a defendant voluntarily ceases challenged conduct, courts must consider the

following factors to determine whether a case has become moot: "(1) whether the

challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate

practice; (2) whether the defendant's cessation of the offending conduct was motivated by

a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the

conduct, the defendant has acknowledged liability." *Sheely*, 505 F.3d at 1184.

"[G]overnmental entities and officials have been given considerably more leeway

than private parties in the presumption that they are unlikely to resume illegal activities."

*Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328–29 (11th Cir. 2004);

*see also Sheely*, 505 F.3d at 1184; *Troiana*, 382 F.3d at 1283.

Assuming the website is now compliant with § 36.302(e), the Court concludes all

the factors weigh in Siesta Inn's favor. First, it is clear Siesta Inn's conduct was

unintentional, as evidenced by its website already being compliant with WCAG and § 508

of the Rehabilitation Act. It appears Siesta Inn was genuinely unaware that its website

failed to fully comply with the ADA. And contrary to Kennedy's argument, there is no

evidence of a continued practice in this case. So the Court concludes the first factor weighs

in Siesta Inn's favor.

Second, Siesta Inn's change to the website was not motivated by an attempt to avoid

liability or deprive this Court of jurisdiction, but instead was motivated by a genuine desire

to fully comply with the ADA. Siesta Inn immediately hired a consultant to oversee

changes to its website—even before filing a response to the Complaint. Such immediate

action tilts the balance in Siesta Inn's favor as to this factor. *Kennedy v. Omegagas & Oil,

LLC*, No. 18-10302, 2018 WL 4183462, at \*4 (11th Cir. Aug. 31, 2018) (noting that the

second factor weighed in favor of a business that immediately began correcting

noncompliant features as opposed to a business that waited until two months before trial to

take remedial action). And as mentioned above, Siesta Inn offered ADA compliant

accommodations and its website was already ADA compliant in many regards. So the

evidence does not demonstrate that Siesta Inn's voluntary change to its website was merely

an attempt to avoid liability or to deprive the Court of jurisdiction.

Finally, Siesta Inn acknowledged liability in its written filings and potentially by correcting its website to comply with § 36.302(e). (Doc. 12, ¶ 25).

Because all the above factors weigh in Siesta Inn's favor, the Court concludes that this case will be moot if the website is now fully ADA compliant.

In reaching that conclusion, the Court necessarily rejects Kennedy's argument that a so-called ADA website case can never become moot. Kennedy bases her argument that an ADA website case "cannot be mooted" on *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018). (Doc. 9, p. 4). But the Eleventh Circuit never held as much in *Haynes*; in fact, there was no evidence in *Haynes* that the subject website had even been made ADA compliant. *Hooters*, 893 F.3d at 784 ("First, the Court notes that while Hooters may be in the process of updating the accessibility of its website, there is nothing in the record demonstrating that Hooters has successfully done so."). So *Hooters* is inapposite because it is not a voluntary cessation case.

Moreover, the Court is unaware of any binding opinion holding that the above-described law does not apply when the alleged ADA violation involves a website. So the Court was bound to apply the relevant factors in reaching its determination as to whether this case was moot as opposed to concluding as a matter of law that ADA website cases can never be mooted.

That said, this Court would welcome guidance from the Eleventh Circuit as to how to apply the relevant factors to ADA website cases given the mutable nature of the Internet. Websites can be updated constantly and are anything but permanent. So Kennedy's

argument that courts could rarely—or never—be certain that the offending conduct would not start up again bears some consideration. But websites are much more likely to be noncompliant due to inadvertence—partly because of the ever-changing technology and requirements put on websites, and partly because of businesses' reliance on third parties to produce and maintain the websites—rather than due to intentional decisions of private actors. So once a private actor becomes aware that its website is noncompliant and hires someone to make it compliant, the Court is not convinced that there is a significant risk of the private actor changing the website back to a noncompliant iteration. So neither the cases involving physical barriers to access nor discriminatory policies squarely address the issues unique to ADA website cases. Until such guidance is provided, this Court must apply the factors relevant under established law to the best of its ability, as it has done today.

The only remaining issue for the Court to determine is whether the changes to Siesta Inn's website bring it into full compliance with § 36.302(e). While Siesta Inn provided evidence to establish that fact, Kennedy did not take a position on whether the website is still noncompliant. So the Court will grant Kennedy thirty days to present evidence that the website does not comply with 36.302(e), if she is able to do so.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff Patricia Kennedy shall have thirty (30) days from the date of this Order to review the website's compliance and notify the Court whether she agrees that Defendant's remediation has cured all of the ADA compliance

issues raised in the complaint. If she does not agree, Plaintiff shall file an

affidavit or other evidence supporting her position.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of September, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record